IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DAVID LINDON HARPINE, | ) | |
| | ) | Civil No. 07-404-JO |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES A DANIELS, Warden, | ) | ORDER TO DISMISS |
| MR. DE LAS HERAS, Clinical | ) | |
| Director, and DR. PARSIFAL | ) | |
| DHALIWAL, Medical Director, | ) | |
| | ) | |
| Defendants. | ) | |

JONES, District Judge.

    Plaintiff, a federal prisoner housed at FCI-Sheridan, filed what the court construes as a civil rights action brought pursuant to <u>Bivens v. Six Uunknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). In his complaint, plaintiff seeks only the reinstatement of pain medication pending his surgery. Plaintiff does not make a damages claim.

1 - ORDER TO DISMISS

In its earlier Order (#3) the court directed plaintiff to submit the requisite $350 filing fee or move to proceed *in forma pauperis*. In his response to the court's Order, plaintiff indicates that he has now had his surgery and concedes that his request for pain medication pending such surgery is moot. Nevertheless, plaintiff wishes to pursue a <u>Bivens</u> action seeking damages. In view of his obligation to exhaust his administrative remedies prior to bringing such an action, plaintiff asks the court to grant him leave to amend his pleadings to add a damages claim and stay his case for 120 days while he exhausts his administrative remedies, or in the alternative, to grant his request to voluntarily dismiss this case without prejudice.

"No action shall be *brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a)(emphasis added). An action is "brought" when the complaint is tendered to the district court. <u>Vaden v. Summerhill</u>, 449 F.3d 1047, 1050-51 (9th Cir. 2006).

Accordingly, because plaintiff cannot cure his failure to exhaust his administrative remedies after he has tendered his complaint to the district court, his request to voluntarily dismiss this action is granted.

///

2 - ORDER TO DISMISS

**CONCLUSION**

For the reasons set forth above, plaintiff's request to voluntarily dismiss this action is granted. This case is DISMISSED without prejudice to plaintiff's right to refile this action in the future. Plaintiff will not be charged a filing fee in this case.

IT IS SO ORDERED.

DATED this <u>10th</u> day of May, 2007.

                                         /s/ Robert E. Jones
                                         Robert E. Jones
                                         United States District Judge